

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| JEANETTE L. GRYDER,<br>   Plaintiff,<br><br>vs.<br><br>CAROLYN W. COLVIN,<br>Acting Commissioner of Social Security,<br>   Defendant. | §<br>§<br>§<br>§ CIVIL ACTION NO.  8:13-3551-MGL-JDA<br>§<br>§<br>§<br>§ |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION
AND AFFIRMING DEFENDANT'S FINAL DECISION DENYING BENEFITS**

   This is a Social Security appeal in which Plaintiff seeks judicial review of the final decision of Defendant denying her claims for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI).  The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting to the Court that Defendant's final decision denying Plaintiff's claims for DIB ans SSI be affirmed.

   The Magistrate Judge makes only a recommendation to this Court.  The recommendation has no presumptive weight.  The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976).  The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on July 31, 2015, Plaintiff filed her objections on August 14, 2015, and Defendant filed her reply to Plaintiff's objections on August 27, 2015. The Court has reviewed Plaintiff's objections, but finds them to be without merit. Therefore, it will enter judgment accordingly.

Plaintiff filed her applications for DIB and SSI in April 2010, asserting that her disability commenced on March 1, 2008. Her applications were denied initially and upon reconsideration. Plaintiff requested a hearing, which the ALJ conducted on May 11, 2012. Then, on June 8, 2012, the ALJ issued a decision finding that Plaintiff was not disabled under the Act. The Appeals Council denied Plaintiff's request for review of the ALJ's decision. Accordingly, the ALJ's decision became Defendant's final decision for purposes of judicial review. Plaintiff then filed suit in this Court, seeking judicial review of Defendant's final decision denying her claims.

The Agency has established a five-step sequential evaluation process for determining if a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a). The five steps are: (1) whether the claimant is currently engaging in substantial gainful activity; (2) whether the claimant has a medically determinable severe impairment(s); (3) whether such impairment(s) meets or equals an impairment set forth in the Listings; (4) whether the impairment(s) prevents the claimant from returning to his past relevant work; and, if so, (5) whether the claimant is able to perform other work as it exists in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(I)-(v), 416.920(a)(4)(I)-(v).

Under 28 U.S.C. § 636(b)(1), a district court is required to conduct a de novo review of those portions of the Magistrate Judge's Report to which a specific objection has been made. The Court need not conduct a de novo review, however, "when a party makes general and conclusory objections that do not direct the court to a specific error in the [Magistrate Judge's] proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982); *see* Fed. R. Civ. P. 72(b).

Thus, the Court will address each specific objection to the Report in turn. As provided above, however, the Court need not–and will not–address any of Plaintiff's arguments that fail to point the Court to alleged specific errors that the Magistrate Judge made in the Report.

It is Plaintiff's duty to both produce evidence and prove that she is disabled under the Act. *See Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995). And, it is the duty of the ALJ, not this Court, to make findings of fact and to resolve conflicts in the evidence. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Under the substantial evidence standard, however, we must view the entire record as a whole. *See Steurer v. Bowen*, 815 F.2d 1249, 1250 (8th Cir. 1987).

"Additionally, the substantial evidence standard presupposes a zone of choice within which the decisionmakers can go either way, without interference by the courts. An administrative decision is not subject to reversal merely because substantial evidence would have supported an opposite decision." *Clarke v. Bowen*, 843 F.2d 271, 272-73 (8th Cir. 1988) (citations omitted) (internal quotation marks omitted) (alteration omitted).

Plaintiff raises three specific objections to the Magistrate Judge's Report.

First, Plaintiff argues that the Magistrate Judge "failed to address Plaintiff's argument that Nurse Practi[ti]oner Porter acknowledged Plaintiff has undergone repeated spinal surgeries, participated in physical therapy, and . . . traveled to the New Orleans Spine Institute in attempts to find effective treatment for her intractable pain." Objections 2 (citations omitted).

According to the ALJ,

> The opinions of Cathy Porter, a treating nurse, finding the claimant to have physical and mental limitations that would preclude all work is given little evidentiary weight as the brief opinion is not supported by the evidence of record. The alleged medical restrictions are absolutely unsupported in the record. The record clearly shows a significant improvement to the claimant's functional abilities after the November 2010, discectomy surgery. Likewise, this extreme opinion is not consistent with Nurse Porter's own treatment notes opinion. The claimant was not referred to specialist nor has Nurse Porter suggested aggressive treatments. In addition, the claimant's

> previously detailed high level of function is contrary to the significant limitations found by Nurse Porter which ultimately compromises the overall credibility of the opinion. Accordingly, the undersigned finds that the opinions by Nurse Porter are entitled to little weight.

A.R. 16. Even if the Magistrate Judge "failed to address Plaintiff's argument that Nurse Practi[ti]oner Porter acknowledged Plaintiff has undergone repeated spinal surgeries, participated in physical therapy, and . . . traveled to the New Orleans Spine Institute in attempts to find effective treatment for her intractable pain[,]" Objections 2, that does not negate the fact that, as set forth above, the ALJ's decision to discount Porter's opinions is supported by substantial evidence.

As already noted, "the substantial evidence standard presupposes a zone of choice within which the decisionmakers can go either way, without interference by the courts. An administrative decision is not subject to reversal merely because substantial evidence would have supported an opposite decision." *Clarke*, 843 F.2d at 272-73. Further, it appears that what Plaintiff is asking the Court to do here is to reweigh the evidence and, in doing so, perhaps rule in her favor. But, when considering a Social Security disability claim, it is not the province of this Court to "reweigh conflicting evidence . . . or substitute [its] judgment for that of the ALJ." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (citation omitted) (alteration omitted). The Court "must sustain the ALJ's decision, even if [it] disagree[s] with it, provided the determination is supported by substantial evidence." *Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996). Inasmuch as the ALJ's decision is supported by substantial evidence and free from any legal error, the Court will overrule this objection.

Second, Plaintiff contends that "the Magistrate Judge failed to address other evidence in the record that supports the opinion of Nurse Practi[ti]oner Porter, including the results of Plaintiff's MRI prior to the third back surgery report, which noted a large extruded disc herniation and moderate disc space narrowing at L5-S1." Objections 3 (citation omitted).

Again, even if "the Magistrate Judge failed to address other evidence in the record that supports the opinion of Nurse Practi[ti]oner Porter, including the results of Plaintiff's MRI prior to the third back surgery report, which noted a large extruded disc herniation and moderate disc space narrowing at L5-S1[,]" *Id.*, such failure is insufficient to negate the fact that there is substantial evidence to support the ALJ's determination to limit the weight assigned to Porter's opinions. Therefore, discerning no legal error, and holding that the ALJ's decision on this issue is supported by substantial evidence, the Court will overrule this objections, too.

Third, Plaintiff complains that "[t]he conclusions of the Magistrate Judge endorsing ALJ Williams opinion regarding limited household activities and failure to treat with a specialist do not sufficiently satisfy the pain standard. In fact, neither the Magistrate Judge nor ALJ Williams address the Plaintiff's financial ability and financial realities, and the impact of Plaintiff's finances on her ability to seek specialized care." *Id.* at 5.

In making a credibility determination, the ALJ must take into account, among other things, "any other evidence relevant to the severity of the impairment, such as evidence of the claimant's daily activities, specific descriptions of the pain, and any medical treatment taken to alleviate it[.]" *Craig v. Chater*, 76 F.3d 585, 595 (4th Cir. 1996) (citations omitted).

As the Magistrate Judge opined,

> Contrary to Plaintiff's suggestion, the ALJ did not find that Plaintiff did not experience pain; the ALJ merely found that the pain Plaintiff experienced was not disabling. The ALJ sufficiently explained his reasoning for discounting Plaintiff's claim of complete disability due to pain. The ALJ expressly evaluated Plaintiff's pain complaints in accordance with the two-step process outlined in *Craig v. Chater*; and, likewise, the ALJ considered the relevant factors for evaluating the same as outlined in 20 C.F.R. § 404.1529(c)(3). The ALJ's decision reflects that he considered the full range of evidence along with evidence of Plaintiff's testimony, complaints to providers, daily activities, and efficacy of her medication to make his conclusion about the severity of Plaintiff's condition and its impact on her ability to work.

5

Report 28. Accordingly, the Court concludes that there is substantial evidence to support the ALJ's determination on this matter, and that the decision is free from any legal error.

Regarding Plaintiff's ability to pay for specialized care, there is no evidence in the record that she was denied specialized care based on her inability to pay; nor is there any indication that she ever sought financial assistance in obtaining such care. Consequently, Plaintiff's third objection will be overruled, too.

Although not argued by Plaintiff, *Mascio v. Colvin*, 780 F.3d 632 (4th Cir. 2015), held that the ALJ mistakenly determined the plaintiff's RFC before assessing her credibility. *Id*. at 639. The language that the ALJ employed in doing what he incorrectly did in *Mascio* is almost identical to the language that the ALJ used in this case:

> After careful consideration of the evidence, the undersigned finds that [the plaintiff's] medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, [the plaintiff's] statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment.

*Id*., *see* A.R. 27. But, because the ALJ here "properly analyzed [Plaintiff's] credibility elsewhere," any allegation of error by the ALJ would be found to be harmless. *See Mascio*, 780 F.3d at 639.

The Court has considered Plaintiff's other objections, but finds them meritless. Therefore, it will also overrule those objections.

In sum, the Court holds that there is substantial evidence to support the ALJ's conclusion that Plaintiff was not disabled under the Act during the relevant time period and that the ALJ's decision is free from reversible legal error. Further, the determination is reasonable.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Plaintiff's objections, adopts the Report, and incorporates it herein.

6

Therefore, it is the judgment of the Court that Defendant's final decision denying Plaintiff's claims for DIB and SSI is **AFFIRMED**.

    **IT IS SO ORDERED**.

Signed this 29th day of September, 2015, in Columbia, South Carolina.

                                              s/ Mary Geiger Lewis
                                              MARY GEIGER LEWIS
                                              UNITED STATES DISTRICT JUDGE